THOMAS BROWN IRELAND AND MARY K. IRELAND,
PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 25708-85.          Filed November 9, 1987.

*Steven E. Grob* and *Kenneth W. Kingma,* for the petitioners.[1]

*Pamela R. Martin,* for the respondent.

GOFFE, *Judge:* The Commissioner determined a deficiency in petitioners' Federal income tax for the taxable year 1981 in the amount of $9,722.96. The Commissioner also determined an addition to tax under section 6653(a)(1)[2] in the amount of $1,298.79 and an addition to tax under section 6653(a)(2) in an amount equal to 50 percent of the interest due on $9,722.96.

---

[1]Petitioners appeared pro sese at trial. Counsel entered their appearance at the time of filing the brief.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all Rule references are to the Rules of Practice and Procedure of this Court.

After concessions,[3] the issues for decision are: (1) Whether petitioners' Northport property was a facility used in connection with an activity generally considered to constitute entertainment, amusement, or recreation within the meaning of section 274(a)(1)(B); and (2) whether petitioners are liable for the additions to tax under section 6653(a)(1) and (2).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference.

Petitioners Thomas B. Ireland and Mary K. Ireland, husband and wife, resided in East Lansing, Michigan, during the taxable year in issue and at the time they filed their petition in this case. Petitioners filed a joint Federal income tax return for the taxable year 1981 with the Internal Revenue Service Center in Cincinnati, Ohio.

During 1981, Thomas B. Ireland (Thomas) was a stockbroker. He was a partner in Roney & Co., a member of the New York Stock Exchange. He managed the branch office of the partnership in Lansing, Michigan.

In 1980, petitioners purchased 3 acres of beach front property located 2½ miles northeast of Northport, Michigan, on West Grand Traverse Bay. There were three buildings on the property. The main building consisted of a large sitting room, a small sitting room, a dining room or eating area, one bedroom, a large screened in porch, and a patio. A second building consisted of a sitting room and a bedroom. A third building was half garage and half lodging facilities. The Northport property is located approximately 200 miles from Lansing.

Thomas held various meetings at the Northport property, which provided a pleasant environment where meetings could be held without interruption. Thomas met with investment advisors and with current and prospective clients in order to discuss investment opportunities. He also

---

[3]The Commissioner also disallowed employee business expenses in the amount of $22,387. Petitioners, however, failed to introduce any evidence at trial concerning this issue. Furthermore, they did not address this issue in their brief. We can only conclude that petitioners have conceded this issue.

met with salesmen, trainees, and other partners in Roney & Co. The meetings typically lasted several days. On occasion, the families of the business associates accompanied them. Petitioners and their family did not take a vacation at the Northport property nor use it as a residence.

On their Federal income tax return for the taxable year 1981, petitioners claimed a depreciation deduction with respect to the Northport property. In the statutory notice of deficiency, the Commissioner disallowed the deduction and also determined that petitioners were liable for the additions to tax under section 6653(a)(1) and (2).

## OPINION

Petitioners contend that the depreciation claimed with respect to the Northport property was an ordinary and necessary business expense. They argue that the Northport property was used primarily for business purposes and was not used in connection with entertainment. Respondent contends that even if the depreciation claimed was an ordinary and necessary business expense, the Northport property was a facility used in connection with entertainment within the meaning of section 274(a)(1)(B), which forecloses the allowance of the depreciation deduction in any event.[4] Specifically, respondent contends that the presence of the families of the business associates of Thomas indicates that the Northport property was used in connection with entertainment. Petitioners bear the burden of proof. Rule 142(a).

We need not address the contention of petitioners that the depreciation claimed with respect to the Northport property was an ordinary and necessary business expense under the authority of *Heineman v. Commissioner,* 82 T.C. 538 (1984),[5] because we find that petitioners have not established that the Northport property was not used in connection with entertainment as defined in section 274(a)(1)(B).

---

[4]See sec. 1.274-2(b)(2)(i), Income Tax Regs.

[5]Sec. 274(a)(1)(B) was not at issue in *Heineman v. Commissioner,* 82 T.C. 538 (1984).

Section 274(a)(1)(B) as amended by section 361 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2847,[6] and applicable to the taxable year at issue provides as follows:

(1) IN GENERAL.—No deduction otherwise allowable under this chapter shall be allowed for any item—

\* \* \* \* \* \* \*

(B) FACILITY.—With respect to a facility used in connection with an activity referred to in subparagraph (A).

The activity referred to in subparagraph (A) is "an activity which is of a type generally considered to constitute entertainment, amusement, or recreation."

As can readily be seen from the language used in section 274 before the changes made in 1978, those changes were intended to substantially restrict the deductibility of expenses in connection with a facility used to any extent for entertainment. Prior to 1978, section 274(a)(1)(B) provided that:

(1) IN GENERAL.—No deduction otherwise allowable under this chapter shall be allowed for any item—

\* \* \* \* \* \* \*

(B) FACILITY.—With respect to a facility used in connection with an activity referred to in subparagraph (A), *unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business,* [Emphasis added.]

The emphasized portion of section 274(a)(1)(B) was deleted by the 1978 amendment with the consequence that both the primary use of the facility, and the degree of the connection between the expense incurred thereon and the taxpayer's business, are no longer relevant. The amendment clearly indicates that section 274(a)(1)(B) disallows all expenses with respect to a facility if the facility is used to any extent for entertainment.[7]

The term "facility" is not defined in the statute. The legislative history reveals that the term "facility" "includes any item of real or personal property which is owned, rented, or used by a taxpayer in conjunction or connection

---

[6]For items paid or incurred after Dec. 31, 1978, in taxable years ending after such date. Revenue Act of 1978, Pub. L. 95-600, sec. 361(c), 92 Stat. 2847.

[7]See *Security Associates Agency Insurance Corp. v. Commissioner,* T.C. Memo. 1987-317.

with an entertainment activity." It includes such items as "yachts, hunting lodges, fishing camps, swimming pools, tennis courts, and bowling alleys. Facilities also may include airplanes, automobiles, hotel suites, apartments, and houses (such as beach cottages and ski lodges) located in recreational areas." However, the deductibility of expenses relating to the property is not affected unless the property is used in connection with entertainment. H. Rept. 95-1800 (Conf.) (1978), 1978-3 C.B. (Vol. 1) 521, 583-584; S. Rept. 95-1263 (1978), 1978-3 C.B. (Vol. 1) 315, 472-473. Petitioners contend that the depreciation deduction claimed with respect to the Northport property should not be affected because the property was not used in connection with entertainment.

Section 1.274-2(b)(1), Income Tax Regs., defines "entertainment" as follows:

(b) *Definitions*—(1) *Entertainment defined*—(i) *In general.* For purposes of this section, the term "entertainment" means any activity which is of a type generally considered to constitute entertainment, amusement, or recreation, such as entertaining at night clubs, cocktail lounges, theaters, country clubs, golf and athletic clubs, sporting events, and on hunting, fishing, vacation and similar trips, including such activity relating solely to the taxpayer or the taxpayer's family. * * *

(ii) *Objective test.* An objective test shall be used to determine whether an activity is of a type generally considered to constitute entertainment. Thus, if an activity is generally considered to be entertainment, it will constitute entertainment for purposes of this section and section 274(a) regardless of whether the expenditure can also be described otherwise, and even though the expenditure relates to the taxpayer alone.[8] * * *

We must decide, therefore, whether the Northport property, a facility within the meaning of the statute, was used in connection with an activity which under an objective standard would be considered to constitute entertainment.

---

[8] The regulation also provides that in applying this test the taxpayer's trade or business shall be considered. Thus, although attending a theatrical performance would generally be considered entertainment, it would not be so considered in the case of a professional theater critic, attending in his professional capacity. Similarly, if a manufacturer of dresses conducts a fashion show to introduce his products to a group of store buyers, the show would not be generally considered to constitute entertainment. However, if an appliance distributor conducts a fashion show for the wives of his retailers, the fashion show would be generally considered to constitute entertainment. Sec. 1.274-2(b)(1)(ii), Income Tax Regs.

See *Walliser v. Commissioner*, 72 T.C. 433, 439 (1979), wherein we found this regulation to be squarely based on the language of the legislative history of sec. 274. See also H. Rept. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 424; S. Rept. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 733-734.

Thomas held various meetings at the Northport property. He met with investment advisors and with current and prospective clients in order to discuss investment opportunities. He also met with salesmen, trainees, and other partners in Roney & Co. Under an objective standard, these activities would not be considered to constitute entertainment. However, on occasion, the families of the individuals attending the meetings accompanied them and we seriously doubt that the family members attended the business meetings. Although it was not developed in the record what activities the family members engaged in while they were at the Northport property, we simply point out that this was 3 acres of beach front property. It was also not developed in the record whether the family members spent the night. However, the meetings typically lasted for several days and there were lodging facilities. If family members accompanied the individuals attending these meetings, we think it follows that they spent the night. Under an objective standard, these outings appear to be in effect vacation trips for the family members of the business associates of Thomas. Therefore, petitioners have failed to establish that the Northport property was not used in connection with entertainment as defined in section 274(a)(1)(B).

Petitioners contend that the amount of use of the Northport property by family members of business associates of Thomas was insignificant. However, petitioners offered no evidence as to how many family members accompanied the business associates or on how many occasions family members accompanied the business associates. In short, petitioners failed to establish that the use of the Northport property by family members of the business associates of Thomas was insignificant. In any event, the 1978 amendment indicates that any use of the facility, no matter how small, in connection with entertainment is fatal to the claimed deduction.[9] Section 274(a)(1)(B), as amended, operates as an absolute bar. *Harrigan Lumber Co. v. Commissioner*, 88 T.C. 1562, 1564 (1987), on appeal (11th Cir., Sept. 21, 1987).

The legislative history accompanying the 1978 amendment in its discussion of the law as it existed prior to the

---

[9]See *Security Associates Agency Insurance Corp. v. Commissioner, supra.*

amendment states that a facility is not considered to be an entertainment facility if it is used only incidentally during a taxable year in connection with entertainment, and that use is insubstantial in relation to its business use. However, the explanation of the amended provision, which sets forth exceptions, does not mention the incidental use exception. See H. Rept. 95-1800 (Conf.), *supra,* 1978-3 C.B. (Vol. 1) at 582-585; S. Rept. 95-1263, *supra,* 1978-3 C.B. (Vol. 1) at 470-474. Congress recognized that "some legitimate business expenses may be incurred with respect to entertainment facilities" but determined that "such expenses should be disallowed as business deductions" in order to discourage the "significant opportunities for abuse" presented by entertainment facilities. S. Rept. 95-1263 *supra,* 1978-3 C.B. (Vol. 1) at 472.

Under prior law, the incidental use exception was found in section 1.274-2(e)(2)(ii), Income Tax Regs., which provided that "A facility used only incidentally during a taxable year in connection with entertainment, if such use is insubstantial, will not be considered a 'facility used in connection with entertainment.' " However, section 1.274-2(e), Income Tax Regs., was subsequently amended to conform the regulation to the amendments made to section 274(a) by section 361 of Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2847, and section 103(a)(10) of the Technical Corrections Act of 1979, Pub. L. 96-222, 94 Stat. 212. See T.D. 8051, 1985-2 C.B. 88 (approved August 5, 1985). Prior to amendment, the heading to section 1.274-2(e), Income Tax Regs., read "Expenditures with respect to entertainment facilities." As amended, however, the heading of section 1.274-2(e), Income Tax Regs., reads "Expenditures paid or incurred before January 1, 1979, with respect to entertainment facilities or at any time with respect to clubs."[10] Therefore, the incidental use exception contained in section 1.274-2(e)(2)(ii), Income Tax Regs., applies only to expenditures paid or incurred prior to January 1, 1979.[11] This is

---

[10]Petitioners do not contend that they relied on sec. 1.274-2(e)(2)(ii), Income Tax Regs., as it existed during the taxable year 1981.

[11]In *Harrigan Lumber Co. v. Commissioner,* 88 T.C. 1562, 1564 n. 7 (1987), on appeal (11th Cir., Sept. 21, 1987), we applied sec. 1.274-2(e)(2)-(4), Income Tax Regs., to expenditures incurred subsequent to Jan. 1, 1979. We did not believe that the drafters of the regulation intended to exclude the guidance provided by sec. 1.274-2(e)(2)-(4), Income Tax Regs., in connection with expenditures paid or incurred subsequent to Dec. 31, 1978, with respect to

consistent with the 1978 amendment and the accompanying legislative history.

Based upon the foregoing, we conclude that petitioners are not entitled to the depreciation deduction claimed with respect to the Northport property for the taxable year 1981.

The next issue for our decision is whether petitioners are liable for the additions to tax under section 6653(a)(1) and (2). Section 6653(a)(1) and (2) provides for the imposition of additions to tax for the underpayment of tax due to negligence or intentional disregard of rules or regulations. Under section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. *Neely v. Commissioner*, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proving that the determination of the additions is erroneous. *Bixby v. Commissioner*, 58 T.C. 757, 791-792 (1972).

We do not think that the facts in the instant case warrant the imposition of these additions to tax. Petitioners used the Northport property primarily for business purposes. Although the time spent at the Northport property by the family members of the business associates of Thomas appears to be in the nature of a vacation trip, the family members were there because they were accompanying a family member who was there on business. Furthermore, petitioners and their family did not take a vacation at the Northport property or use it as a residence. Although we have held that petitioners are not entitled to depreciate the Northport property, we do not conclude that depreciating the Northport property was due to negligence or intentional disregard of the Commissioner's rules or regulations. Therefore, petitioners are not liable for the additions to tax determined under section 6653(a)(1) and (2).

To reflect the foregoing,

> *Decision will be entered for the respondent for the deficiency in tax but not the additions to tax.*

---

entertainment facilities. However, sec. 1.274-2(e)(2)(ii), Income Tax Regs., was not involved and based upon our analysis we decline to apply it to expenditures paid or incurred after Dec. 31, 1978.